UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>GEORGE LEE, JR.,<br><br>  Debtor.<br>_____<br><br>FRITO LAY, INC.,<br><br>  Garnishee. | Case No. 1:25-mc-00005-BAM<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATIONS REGARDING REQUEST FOR FINAL ORDER OF CONTINUING GARNISHMENT<br><br>(Doc. 8)<br><br>**FOURTEEN-DAY DEADLINE** |

Currently pending before the Court is the United States' request for findings and recommendations regarding issuance of a final order of continuing garnishment ("Application') against twenty-five percent (25%) of the nonexempt disposable earnings of debtor George Lee, Jr. ("Debtor") from Frito Lay, Inc. ("Garnishee"). (Doc. 8.) The matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(c)(7).

**I.    BACKGROUND**

On August 20, 2007, pursuant to a plea agreement with the United States, Debtor entered a plea of guilty to count 1 for violation of 18 U.S.C. § 287 – False Claims to an Agency of the United States. (*United States v. Lee*, Case No. 1:07-cr-00136-OWW-1, Docs. 13, 14.) On

1

1  November 5, 2007, the Court sentenced Debtor to 12 months in custody, 36 months supervised
2  release and ordered Debtor to pay an assessment of $100.00 and restitution of $7,439.00. (*Id.* at
3  Doc. 19.)
4        In an attempt to collect the restitution and assessment, the United States filed an
5  application for writ of continuing garnishment against twenty-five percent (25%) of Debtor's
6  nonexempt disposable earnings held by Garnishee. (Doc. 1.) According to the application,
7  Debtor owes $11,834.29, and the total amount sought by the garnishment action is $13,017.72.
8  (*Id.*)
9        The Clerk of the Court issued the writ of continuing garnishment on January 29, 2025.
10  (Doc. 4.) On January 29, 2025, the United States served the Garnishee with copies of the writ
11  and related documents. (Doc. 2.) On February 12, 2025, the United States served Debtor with
12  copies of the writ and related documents. (Doc. 5.) The documents served on Debtor advised
13  him of, among other things, his right to claim exemptions to garnishment and request a hearing on
14  his claim and/or object to the Garnishee's answer ("Answer") and request a hearing thereon.
15  (Doc. 5.)
16        The Garnishee filed its acknowledgment of service and Answer on February 18, 2025,
17  indicating that Debtor is an employee of Garnishee and identifying the applicable pay period and
18  amount of gross pay. (Doc. 6.) The United States served the answer on Debtor on February 19,
19  2025. (Doc. 7.) The United States now seeks a final order of continuing garnishment pursuant to
20  section 3205(c)(7) of the Federal Debt Collection Procedures Act ("FDCPA"), 28 U.S.C. §§
21  3001, et seq., against Debtor's ongoing and nonexempt disposable earnings from the Garnishee.
22  (Doc. 8.)
23  **II.    DISCUSSION**
24        Pursuant to the Mandatory Victims Restitution Act, the United States may enforce a
25  judgment imposing a fine, including restitution, in accordance with the practices and procedures
26  for enforcing a civil judgment under the FDCPA. *United States v. Mays*, 430 F.3d 963, 965, n.2
27  (9th Cir. 2005). The FDCPA sets forth the "exclusive civil procedures for the United States . . .
28  to recover a judgment on. . . an amount that is owing to the United States on account of . . .

1  restitution." *Id.* at 965.

2        The FDCPA permits the Court to "issue a writ of garnishment against property (including
3  nonexempt disposable earnings) in which the debtor has a substantial nonexempt interest and
4  which is in the possession, custody, or control of a person other than the debtor, in order to satisfy
5  the judgment against the debtor." 28 U.S.C. § 3205(a). "Disposable earnings" is defined as "that
6  part of earnings remaining after all deductions required by law have been withheld." 28 U.S.C. §
7  3002(5). "Nonexempt disposable earnings," in turn, "means 25 percent of disposable earnings,
8  subject to section 303 of the Consumer Credit Protection Act." 28 U.S.C. § 3002(9). The
9  principal restriction imposed by the Consumer Credit Protection Act is that garnishment of an
10 individual's disposable earnings is limited to twenty-five percent of the debtor's weekly earnings.
11 15 U.S.C. § 1673(a)(1). Additionally, "the United States is entitled to recover a surcharge of 10
12 percent of the amount of the debt in connection with the recovery of the debt, to cover the cost of
13 processing and handling the litigation and enforcement . . . of the claim for such debt." 28 U.S.C.
14 § 3011(a).

15       The government is required by the FDCPA to provide the judgment debtor with notice of
16 the commencement of garnishment proceedings. 28 U.S.C. § 3202(b). The judgment debtor then
17 has twenty days after receipt of the notice to request a hearing. 28 U.S.C. § 3202(b). After the
18 garnishee files an answer, and if no hearing is requested within the required time period, the
19 Court must promptly enter an order directing the garnishee as to the disposition of the judgment
20 debtor's property. 28 U.S.C. § 3205(c)(7).

21       Here, Debtor's nonexempt disposable earnings are subject to garnishment under the
22 FDCPA. *See* 28 U.S.C. § 3205(a). The United States provided Debtor with notice of the
23 garnishment proceedings on January 29, 2025. (Doc. 2.) The documents served on Debtor
24 advised him of his right to claim exemptions and request a hearing on his claims, request a
25 hearing to oppose the writ, and object to the Answer and request a hearing. (*Id.*) Debtor was
26 further advised of the applicable deadlines for exercising these rights under the FDCPA. (*Id.*)
27 The Unites States served Debtor with the Garnishee's Answer on February 19, 2025. (Doc. 7.)
28 Neither Debtor nor any other person filed any exemption claims, objections, requests for hearing,

3

1 or other response in this garnishment action and their time to do so has now expired. Pursuant to
2 28 U.S.C. § 3205(c)(7), as no hearing was requested during the applicable time period, the Court
3 will recommend that an order issue directing the Garnishee as to the disposition of Debtor's
4 nonexempt disposable wages.

5 The United States also seeks to recover the ten percent (10%) litigation surcharge of the
6 judgment amount balance as authorized by 28 U.S.C. § 3011(a). (Docs. 1, 8.) The FDCPA
7 provides that the United States in entitled to recover a litigation surcharge in connection with the
8 recovery of a debt. 28 U.S.C. § 3011(a). A defendant's criminal monetary penalties, including the
9 assessment, fine, and restitution, all constitute "debt" as defined by the FDCPA. 28 U.S.C. §
10 3002(3)(B). The debt recovery action must be one that arises under the FDCPA's pre-judgment
11 remedies or post-judgment remedies. 28 U.S.C. § 3011(a); *United States v. Sackett*, 114 F.3d
12 1050, 1053 (10th Cir. 1997). The government's garnishment action here is a qualifying post-
13 judgment remedy under 28 U.S.C. § 3205. Subject to exclusions not relevant here, section 3011
14 provides that the recoverable surcharge amount is 10% of the debt sought to be collected. 28
15 U.S.C. § 3011(a).

16 The United States is entitled to a surcharge on the amount of the debt sought to be
17 collected. As of January 27, 2025, Debtor owes $11,834.29, and the United States seeks a
18 litigation surcharge in the amount of $1,183.43 representing 10% of the restitution amount owed.
19 (Docs. 1, 8.) The Court will therefore recommend that the requested surcharge be awarded.

20 **III.     ORDER AND RECOMMENDATIONS**

21 Accordingly, the Clerk of the Court is HEREBY DIRECTED to randomly assign a
22 District Judge to this action.

23 It is HEREBY ORDERED that the United States is directed to serve a copy of these
24 findings and recommendations on the Garnishee and file proof of such service within seven (7)
25 days of entry of these findings and recommendations.

26 Further, based on the foregoing, IT IS HEREBY RECOMMENDED that:
27 1.     The United States' Request for Findings and Recommendations for Final Order of
28        Continuing Garnishment be GRANTED;

4

2. Garnishee Frito-Lay, Inc. be directed to pay the Clerk of the United States District Court twenty-five percent (25%) of George Lee, Jr.'s ongoing and nonexempt disposable wages, earnings, commissions, and bonuses;

3. Garnishee Frito-Lay, Inc. be directed to pay the Clerk of the United States District Court the amount of nonexempt disposable wages, earnings, commissions, and bonuses already withheld as a result of the writ, within fifteen (15) days of the filing of an order adopting these Findings and Recommendations;

4. Garnishee Frito-Lay, Inc. be directed to make payment in the form of a cashier's check, money order, or company draft made payable to the Clerk of the Court and delivered to the United States District Court, Eastern District of California, 501 I Street, Room 4-200, Sacramento, California 95814.  The criminal docket number (1:07-cr-00136-OWW) shall be stated on the instrument;

5. The United States be entitled to recover a $1,183.43 litigation surcharge after satisfaction of the judgment in the criminal case, and the Garnishee be directed to garnish $1,183.43 of George Lee, Jr.'s nonexempt disposable earnings, representing the litigation surcharge, once the judgment balance of $11,834.29 is satisfied;

6. Garnishee Frito-Lay, Inc. be directed to pay the litigation surcharge to the United States Department of Justice, who will provide payment instructions to the Garnishee with service of the order adopting these Findings and Recommendations;

7. The Court retain jurisdiction to resolve matters through ancillary proceedings in this case, if necessary; and

8. The garnishment terminate when (1) the United States seeks to terminate the writ; or (2) when the judgment and litigation surcharge are fully satisfied.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendations, any party may

5

1 | file written objections with the Court and serve a copy on all parties.  The document should be
2 | captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are
3 | advised that failure to file objections within the specified time may result in the waiver of the
4 | "right to challenge the magistrate's factual findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d
5 | 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **March 26, 2025**          /s/ *Barbara A. McAuliffe*
                                     UNITED STATES MAGISTRATE JUDGE